## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BEVINS,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 1:24-cv-1795** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **JASEN BOHINSKI,** *et al.***,** | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

Presently before the court is Defendants' motion to dismiss **(Doc. 12)** *pro se* prisoner Joseph Bevins' Civil Rights Action brought under 42 U.S.C. §1983 for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed his complaint as an inmate incarcerated within the Pennsylvania Department of Corrections ("DOC"), alleging violations of his Eighth Amendment rights by several correctional employees. (Doc. 1). For the reasons discussed below, Defendant's motion to dismiss will be **DENIED**.

## I.    BACKGROUND

Plaintiff Joseph Bevins, an inmate who was incarcerated at the State Correctional Institution at Dallas, Pennsylvania (SCI-Dallas) at all relevant times, initiated the instant §1983 action on October 18, 2024, against

Defendants, Jasen Bohinski, Pedro Garcia, and "multiple correctional officers to be named", claiming that he faced prison conditions that amounted to a deprivation of his basic human needs in violation of his Eighth Amendment rights. (Doc. 1, p. 7).  Specifically, Plaintiff alleges that he was denied twenty-four meals between May 31, 2024, and July 2, 2024, and that an additional five meals were deliberately dropped on the floor between June 2, 2024, and July 7, 2024. (*Id*., p. 5).  He further alleges that the running water in his cell stopped working between June 2, 2024, and June 13, 2024, with the exception of two hours on June 5, 2024. (*Id*.). As a result, Plaintiff claims to have suffered significant weight loss, stomach pains, and dehydration. (*Id*., p.7).

The complaint claims that Defendants were notified of the above alleged deprivations yet acted with "deliberate indifference" by failing to remedy them. (*Id*.). On June 11, 2024, Plaintiff states that he handed his initial grievance regarding the denial of his meals and lack of running water to Correctional Officer Bohinski through his tray slot. (*Id*., p. 5). After describing his treatment to Bohinski, Plaintiff told him that he "feared for his life". (*Id*.).

Despite his complaints, Plaintiff claims that correctional officers continued to deny him his meals until twenty-seven days after he notified

Bohinski. He also claims that Correctional Officer Garcia was made aware of the lack of running water in his cell six days before it was restored.

Defendants filed the instant motion to dismiss on December 30, 2024, as well as their brief in support on January 14, 2025, insisting that Plaintiff's complaint be dismissed for failure to state a claim. (Doc. 13). Plaintiff responded with a brief in opposition on January 22, 2025. (Doc. 15). The motion is now ripe for disposition.

## II.    STANDARD OF REVIEW

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a

- 3 -

motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Id*. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations

- 4 -

that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 680. Next, the district court must identify "the well-pleaded, nonconclusory factual allegation[s]" of the complaint, take them as true, and determine whether the complaint states a plausible claim for relief. *Id*.

As a general rule, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Finally, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the

merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id*. at 234.

## III. <u>DISCUSSION</u>

Defendants move to dismiss the complaint on the following grounds: (1) Plaintiff's allegations regarding the deprivation of meals does not amount to an Eighth Amendment violation; and (2) Plaintiff's claim regarding his water being shut off should be dismissed because he failed to plead that he did not have an alternative access to water. (Doc. 13). For the reasons that follow, the court finds that Plaintiff has made sufficient allegations for the purposes of withstanding the instant motion.

### A. Eighth Amendment

To state a claim under the Eighth Amendment that the right to be free from cruel and unusual punishment has been violated, an inmate complaining of prison conditions must allege facts that, if true, would satisfy both an objective and subjective test. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Second, from a subjective point of view, a prisoner must demonstrate that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)).

### a. Food Deprivation Claim

### i. Sufficiently Serious Deprivation

Plaintiff alleges that he was denied a total of twenty-four meals over a span of thirty-three days.[1] In determining whether a deprivation of food claim rises to the level of an Eighth Amendment violation, " 'courts have stressed the duration of the complainant's exposure to the alleged unconstitutional conditions and the totality of the circumstances' as critical to a finding of cruel and inhumane treatment." *Adderly v. C.O. Eidem*, No. 3:11-CV-694, 2017 WL 4125262, at *7–8 (M.D. Pa. Sept. 18, 2017) (citing *Rhodes v. Chapman*, 452 U.S. 337, 362-63 (1981). Only "extreme deprivations" will trigger a "conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9

---

[1] Defendants incorrectly assert that Plaintiff's alleged duration of food deprivation is six weeks. (Doc. 13, p.6). The listed dates in Plaintiff's complaint to which he claims to have been denied meals range from May 31, 2024, to July 2, 2024. (Doc. 1, p.5), just short of five weeks. Although he makes a separate claim that, on five separate dates, one of his meals were deliberately dropped on the floor, he did not include these five instances into the number of meals missed. Therefore, the court will not factor the dates where Plaintiff's meals were deliberately dropped into the duration of days Plaintiff was deprived of his meals.

(1992). Courts have held that repeated and unjustified denial of food to inmates amounts to an extreme deprivation, while the denial of a few single meals on various days does not rise to the level of a constitutional violation. *See Lindsey v. O'Connor*, 327 Fed.Appx. 319, 321 (3d Cir. 2009) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)).

Defendants cite to a holding from U.S District Judge Mariani of the Middle District of Pennsylvania in *Adderly* to support their argument that Plaintiff's claim falls short of an Eighth Amendment violation. (Doc. 13, p. 4). As Defendants indicate in their supporting brief, Judge Mariani utilized a Fifth Circuit case to guide his analysis in determining whether a food deprivation claim rose to the level of an Eighth Amendment violation by calculating the percentage of meals missed within the duration of time that the deprivation persisted. *See Adderly*, 2017 WL 4125262, at *7-8 (citing *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). The Fifth Circuit concluded that fifty meals missed over a five-month span (roughly one out of every nine, or 11% of total meals missed) was "hardly more than that missed by many working citizens over the same period". *Talib*, 138 F.3d at n.3. From this holding, Judge Mariani had little trouble finding that *Adderly's* claim of fifty-four meals missed over the course of a one-year period (approximately 4.9% of total meals

missed) amounted to a *de minimis* injury. *See Adderly*, 2017 WL 4125262, at *7-8.

Using this calculation, Plaintiff missed approximately 24% of his total meals (24 meals lost ÷ 33 days x 3 meals per day). Despite Plaintiff's "meals missed ratio" being roughly twice that of the inmate in *Talib*, Defendants attempt to bolster their *de minimis* argument with two additional cases of inmates missing less than 5% of their total meals. (Doc. 13, p.6). However, the distinction between these cases and Plaintiff's claim leaves them with little value. Consequently, Defendants are left to rely on *Talib* to argue that a *de minimis* finding of an inmate with a 11% meals-missed ratio should extend to Plaintiff's 24%. Said differently, Defendants argument asks this court to assume that, because one out of every nine meals qualifies as a *de minimus* injury, it follows that one out of every four meals does as well. While precedent is limited, one case to the contrary is enough to prevent this court from taking that leap. *See Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011); (citing *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (holding that the denial of sixteen meals over twenty-three-day period [23.2%] was sufficiently serious deprivation for purposes of the Eighth Amendment).

### ii. Deliberate Indifference

"Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 825. "A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*.

Plaintiff claims that on June 11, 2024, he handed Defendant Bohinski a grievance and verbally notified him that he was being denied meals and feared for his life. (Doc. 1, p.5). Nonetheless, the food deprivation continued until July 2, 2024, more than twenty days later. The potential risk of harm caused by the repeated denial of meals is obvious, and Bohinski had a duty to take reasonable measures to resolve this issue once he was notified. The claim that he failed to do so is enough to suggest that he acted with deliberate indifference to Plaintiff's health and safety.

### b. Water Deprivation Claim

As for his water deprivation claim, Plaintiff alleges that his sink stopped functioning as of June 2, 2024, and remained off until June 13, 2024, with

the exception of running water for two hours on June 5, 2024. He claims further that Defendant Garcia was put on notice that his water was not running six days before it was restored, and Bohinski two days before.

In their motion, Defendants argue that lack of running water allegations, without more, are insufficient to state an Eight Amendment claim. (Doc. 13, p. 7). They make this argument quoting from the District Court's findings in *Dantzler v. Russell*, No. 23-CV-4749, 2024 WL 1120381, at *3 (E.D. Pa. Mar. 14, 2024), and, with an implicit acknowledgement of its non-binding authority, reassures the court that *Dantzler's* holding was guided by Third Circuit precedent. However, in both of these Third Circuit cases referenced by Defendants in their supporting brief (Doc. 13, p.7), there was no dispute regarding whether the inmate had access to other sources of drinking water. *Collier v. Adams*, 602 F. App'x 850, 852 (3d Cir. 2015) (no violation where prisoner's water was shut off for 77 hours, but other fluids were available to him); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 228-29 (3d Cir. 2015) (a violation where the inmate alleged a complete lack of potable water for three days). In the instant case, it is unclear whether Plaintiff had other sources of drinking water throughout the duration that his water was allegedly shut-off.

- 11 -

The court agrees that if Plaintiff were to have access to adequate hydration during the period in question, his water deprivation claim would fall short of the "sufficiently serious" threshold and would necessarily fail. But whether *Dantzler's* interpretation — that inmates must explicitly allege a lack of alternative sources of drinking water to state an Eighth Amendment claim — reflects that of the Third Circuit, is unclear. *See Collier v. Martinez*, 474 Fed. Appx. 870, 874 n.5 (3d. Cir. 2012) (making an inference that Plaintiff's claim is one about deprived access to fluids and not merely about the dry conditions in his cell). But given the court's obligation at this stage to construe Plaintiff's complaint in the light most favorable to him, and given that dehydration was one of the alleged injuries (Doc. 1, p.7), the court finds that the allegations raise a reasonable expectation that discovery will reveal the remaining evidence necessary to determine liability.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion to dismiss **(Doc. 12)** is **DENIED**. An appropriate order follows.

<u>*s/ Malachy E. Mannion*</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 3, 2025**
24-1795-01

- 12 -