UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BEVINS,                          :

          Plaintiff              :        CIVIL ACTION NO. 1:24-1795

      v.                                :           (JUDGE MANNION)

JASEN BOHINSKI, *et al.*,                :

         Defendants             :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is a motion

for summary judgment filed by the two named defendants. For the reasons

that follow, the motion will be granted, the John Doe defendants will be

dismissed, and this case will be closed.

### I.    PROCEDURAL HISTORY

Plaintiff, Joseph Bevins, filed this case on October 18, 2024, alleging

generally that correctional officers in SCI-Dallas denied him several meals

over a two-month period and that he was denied drinking water for a

significant amount of time. (Doc. 1). The complaint named as defendants

Jasen Bohinski, the superintendent of SCI-Dallas; Pedro Garcia, a lieutenant

in the prison; and "multiple correctional officers to be named later." (*Id.*) The

case was initially assigned to United States District Judge Christopher C.

Conner but was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

The court denied Bohinski and Garcia's motion to dismiss the complaint on June 3, 2025. (Docs. 20-21). Bohinksi and Garcia answered the complaint on July 14, 2025. (Doc. 26). Discovery in the case closed on October 31, 2025. (*See* Doc. 23). Bohinski and Garcia filed the instant motion for summary judgment along with a supporting brief and a statement of material facts as required by Local Rule 56.1 on January 30, 2026, arguing that they are entitled to summary judgment because Bevins cannot establish their personal involvement in the alleged civil rights violations, he failed to exhaust administrative remedies on his food-denial claims, his claims fails on their merits, and they are entitled to qualified immunity. (Docs. 35-37). Bevins did not initially respond to the motion, but on March 12, 2026, he moved for an extension of time to respond. (Doc. 38). The court granted the motion on March 13, 2026, extending the deadline for Bevins to respond to the motion for summary judgment to April 30, 2026. (Doc. 40). That deadline has since passed, but Bevins has still not responded to the motion, nor has he identified any of the John Doe defendants. Because the deadline for him to respond to the motion has expired, it is ripe for disposition.

2

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a

3

genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.   MATERIAL FACTS[1]

### A.   Facts Related to Liability

Bevins's complaint asserts that he was denied several meals between May 31, 2024, and July 2, 2024. (Doc. 1). Bevins purportedly told defendant Bohinski that he was being denied meals during this time. (*Id.*) Bevins verbally refused 14 meals during the relevant period and accepted 41 other meals. (*Id.* ¶ 9).[2]

Bevins's complaint also alleges that the running water in his cell was turned off for several days in June 2024. (Doc. 1). Although the water pressure was being adjusted during the relevant period, there are no records

---

[1] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. If a non-moving party fails to respond as required by Local Rule 56.1, the facts asserted in the moving party's statement are "deemed to be admitted." *Id.* In this case, defendants filed a statement of material facts as required by Local Rule 56.1., (Doc. 36), but Bevins has not responded to the statement. The facts included in defendants' statement are accordingly deemed admitted for the purpose of resolving the motion for summary judgment. M.D. Pa. L.R. 56.1. The court cites directly to defendants' statement as to any facts included in the statement.

[2] By the court's calculation, Bevins should have been provided a total of 99 meals from May 31, 2024, to July 2, 2024. Defendants' statement of material facts, however, only accounts for 55 meals. (*See* Doc. 36 ¶¶8-9).

from the prison indicating that the water was completely turned off at any point during the relevant period. (Doc. 36 ¶35).

## B.   Grievance Policy

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (*See* DC-ADM 804, Doc. 36-23). Under DC-ADM 804, a prisoner must first submit a grievance within fifteen working days from the date of the incident. *Id.* §1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make." *Id.* §1(A)(11). If the inmate is unable to comply with the fifteen-day deadline, he may request an extension of time to file a grievance. *Id.* §1(C)(2). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. *Id.* §2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. *Id.* §2(B)(1)(b).

## C.   Plaintiff's Grievances

Bevins filed three grievances that are relevant to his claims. On June 10, 2024, he filed Grievance Number 1092880. (Doc. 36-4 at 1). The grievance alleged that he had been denied several meals between May 31,

6

2024, and June 8, 2024. (*Id.*) The grievance did not state which officials were responsible for the denied meals, but requested that "all COs who actively denied [him] food . . . be transferred to positions where they have no interaction with inmates." (*Id.*) Neither defendant was named in the grievance. (*Id.*) Defendant Garcia denied the grievance on July 11, 2024. (Doc. 36-5).

Bevins appealed the denial to the facility manager, and stated in the appeal that Garcia should not have responded to the grievance. (Doc. 36-6). The grievance additionally stated that "[i]f LT Garcia is found to have had any knowledge of these offenses while they occurred, I ask that he be demoted to CO; and placed in a position where he has no interaction with inmates." (*Id.*). The facility manager denied the appeal on August, 2024, finding that Garcia "was the not subject of [the] grievance," and therefore that "his response was appropriate." (Doc. 36-7). Bevins filed a final appeal to SOIGA on August 20, 2024. (Doc. 36-8). SOIGA denied the appeal on September 3, 2024. (Doc. 36-9).

Bevins filed Grievance Number 1094962 on June 26, 2024. (Doc .36-10). The grievance asserted that he had been denied several meals between June 11, 2024, and June 21, 2024. (*Id.*) Neither defendant was named in the grievance. (*Id.*) Garcia denied the grievance on July 11, 2024. (Doc. 36-11).

7

Bevins appealed the grievance to the facility manager, who denied it. (Docs. 36-12, 36-13).

Bevins filed Grievance Number 1091875 on June 10, 2024, complaining that his water had been turned off since June 2, 2024. (Doc. 36-14). The grievance stated that he had brought this to the attention of defendant Garcia and several other officials but that they had not rectified it. (*Id.*) Garcia denied the grievance on July 5, 2024. (Doc. 36-15). Bevins appealed, arguing, *inter alia*, that it was inappropriate for Garcia to respond to the grievance since he was named in it. (Doc. 36-16). The facility manager denied the appeal and stated that it was not improper for Garcia to respond to the grievance on August 1, 2024. (Doc. 36-17). Bevins appealed to SOIGA, which denied the appeal on August 29, 2024. (Docs. 36-18, 36-19).

## IV.  DISCUSSION

As a preliminary matter, the court will *sua sponte* dismiss Bevins's claims against the John Doe defendants because he did not identify them prior to the discovery deadline. Claims against John Doe defendants are properly dismissed when the defendants have not been identified prior to the discovery deadline. *See, e.g., Blakeslee v. Clinton County*, 336 F. App'x 248, 250 (3d Cir. 2009); *Ornstein v. Warden*, 3:18-CV-2042, 2021 WL 4290180,

at *3 n.35 (M.D. Pa. Sept. 21, 2021); *King v. Mansfield Univ. of Pa.*, No. 1:11-CV-1112, 2014 WL 4546524, at *10 (M.D. Pa. Sept. 12, 2014).

Turning to the named defendants' summary judgment arguments, the court will first consider defendants' exhaustion argument. Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it

9

becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

Defendants argue that Bevins failed to exhaust administrative remedies with respect to the claims for denial of meals because he did not name either defendant in his grievance. (Doc. 37 at 11-14).

The court agrees. Defendant Bohinski is plainly not named in either one of the grievances relevant to the denial-of-meals claims. (*See* Docs. 36-4, 36-10). As for defendant Garcia, he was not named in either of the initial grievances, and although he was named in the appeal from Grievance Number 1092880, the appeal only stated that action should be taken against him if he was "found to have had any knowledge of these offenses while they occurred." (Doc. 36-6). This conditional language was not sufficient to put Garcia on notice that legal claims were being asserted against him. Accordingly, defendants will be granted summary judgment on the denial of meals claims for Bevins's failure to exhaust administrative remedies.

10

Defendants will also be granted summary judgment on the water-deprivation claim because the claim plainly fails on its merits. Defendants assert that there is no evidence that the water was turned off during the relevant period, (*see* Doc. 36 ¶35), and plaintiff has not provided any contrary evidence to refute this assertion. Plaintiff has accordingly failed to meet his burden to defeat the motion for summary judgment and it will be granted. *See Celotex*, 477 U.S. at 322-23.

## V.    CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment, dismiss the John Doe defendants, and close this case. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 5/26/20
24-1795-02

11